# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 5:24CV-P93-CRS

**KAREEM M. EDWARDS**                                                                          **PETITIONER**

**v.**

**WARDEN DAVID BRADLEY**                                                                       **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Kareem M. Edwards filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Edwards to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. Edwards did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the petition, Edwards was convicted of one count of first degree rioting and three counts of third degree assault in Lyon Circuit Court on May 20, 2019. He filed an appeal, and the Kentucky Court of Appeals affirmed his conviction on August 28, 2020. He did not file a motion for discretionary review in the Kentucky Supreme Court. He filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion on December 3, 2021, which was denied on March 1, 2022. He filed a supplemental RCr 11.42 motion on August 9, 2022, which was denied on October 21, 2022. The Kentucky Court of Appeals affirmed the denial on December 1, 2024, and the Kentucky Supreme Court denied his motion for discretionary review on April 24, 2024. Edwards filed another RCr 11.42 motion, which was denied on January 5, 2023, and the

Kentucky Court of Appeals affirmed the denial on December 1, 2023. He filed the instant § 2254 petition on May 10, 2024.[1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, the date which begins the running of the one-year limitations period is the date Edwards's conviction became final. His conviction became final, for purposes of the AEDPA's

---

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

statute-of-limitations period, on September 21, 2020,² thirty days after the Kentucky Court of Appeals denied his direct appeal and the last date that he could have filed a motion for discretionary review in the Kentucky Supreme Court. Ky. R. Civ. P. 76.20.³

Thus, Edwards had until September 21, 2021, to file a petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Edwards did not file the instant habeas petition before September 21, 2021, nor did he have any time-tolling collateral action pending in state court during that time period.

Edwards filed his first post-conviction motion on December 3, 2021. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit held, "[t]he tolling provision does not, however, revive the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998) (internal quotation marks omitted)); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments" and "reduces the potential for delay on the road to finality") (citing *Duncan v.*

---

² The time for filing a motion for discretionary review actually expired on September 19, 2020. However, since that date was a Saturday, the time ran until the following Monday, September 21, 2020. Ky. R. Civ. P. 6.01.
³ This rule was in effect at the operative time but has since been repealed.

*Walker*, 533 U.S. 167, 179 (2001)). Edwards filed his first RCr 11.42 motion on December 3, 2021, more than two months after the statute of limitations expired. By the time he filed that motion, there was nothing left of the federal habeas one-year statute of limitations to toll. Therefore, Edwards's § 2254 petition seeking a writ of habeas corpus from this Court is time-barred and subject to summary dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the motion as time-barred, the Court provided Edwards with an opportunity to respond to show cause why he is entitled to equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). However, Edwards failed to respond to the Court's Show Cause Order or to otherwise meet his burden in establishing that he satisfies the elements required for equitable tolling. Therefore, the Court finds that equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this petition is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Edwards appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:   October 7, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Petitioner, *pro se*
      Respondent
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4411.010